

**ANDREW K. CUDDY**
MANAGING ATTORNEY

**BENJAMIN M. KOPP**
SENIOR ATTORNEY
FEDERAL LITIGATION TEAM LEADER
(NY)
BKOPP@CUDDYLAWFIRM.COM

**PRINCIPAL OFFICE (MAILING ADDRESS)**
5693 SOUTH STREET ROAD
AUBURN, NY 13021
(315) 370-4020

**OFFICES**
VALHALLA, NY | PHILADELPHIA, PA
CLEVELAND, OH | CHARLOTTE, NC

June 4, 2025

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Defendant shall file any response by **June 9, 2025**. So Ordered.

Dated: June 5, 2025
New York, New York

*[signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: Y.S., et. al., v. N.Y.C. D.O.E., 24-cv-9711(LGS)

Dear Judge Schofield:

    I am a Senior Attorney at the Cuddy Law Firm, PLLC and represent the Plaintiffs in the above-referenced Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., action for review of administrative decisions. The Plaintiffs respectfully request a stay of this action pending, at minimum, a determination on certain adverse inferences requested against the Defendant in the class action *M.G. v. NYC DOE* (1:13-cv-4639-SHS-RWL) and (further) a determination on the appropriate standard for claims under Section 504 of the Rehabilitation Act, which is being heard by the Supreme Court in *A.J.T. v. Osseo Area Schs., ISD No. 279*, S.Ct. Dkt. 24-249. The Defendant does not consent to a stay.

    To first note, on May 19, 2025, the Defendant filed its cross-motion and opposition to the Plaintiffs' motion for summary judgment, which *Burlington/Carter* analysis requires to address the equity of public funding. As to equity, the Defendant focuses on "generalization" of skills. Although the Defendant recently advised that it views the outstanding issue as narrowed to "whether the SRO and IHO reasonably found that the requested home-based services were not appropriate in light of the educational offerings provided by the Manhattan Children's Center, which included the provision of ABA services", it has not withdrawn its argument about generalization. That choice requires a well-informed response.

    Last week, my office became aware of a request (filed May 20, 2025) in the class action *M.G. v. NYC DOE* (1:13-cv-4639-SHS-RWL) for the Court to make adverse inferences based upon redacted deposition transcripts and Judicial Admissions. Yesterday, the unsealed documents were filed. *M.G.* ECF Dkts. 519 – 521. The unsealed Judicial Admissions document is attached.

1

Y.S.'s daughter (Y.F.) is a class member, as to the claims for 1:1 ABA and extended school day (at-home) ABA and speech services; and generalization of skills was an identified IEP need for her (this action, ECF 15-8 at DE24-32, DE37). The *M.G.* class and the Defendant are disputing, in part, how the "generalization" aspect of learning is addressed; and the class plaintiffs allege that the implementation of certain "Autism Services Policies and Practices impermissibly impede consideration of 'the full range of education services, supports, and accommodations…contemplated by the IDEA'" (*M.G.* Dkt. 520 (Mem. of Law) at ECF pg. 8 of 31. These services – the subject of the transcripts and Judicial Admissions – include the types of 1:1 instruction, ABA, and after school services that Y.S. has alleged are part of Y.F.'s FAPE and appropriate unilateral placement. The transcripts further detail generalization's role.

To the extent that the revelations and the Court's forthcoming rulings in the *M.G.* class action give rise to a Section 504 claim beyond the one already in this action, the Supreme Court is currently hearing arguments on whether the Eighth Circuit's standard for such claims (which the Second Circuit has adopted) should be loosened. Oral arguments were delivered on April 28, 2025, so it is anticipated that a decision may be issued soon.

For a stay, Courts in this Circuit consider: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 2019 U.S. Dist. LEXIS 5416 *11 (S.D.N.Y. 2019).

The stay is supported by: (1) the Plaintiffs having made this request (with Y.F. remaining in her last agreed-upon educational placement during the pendency of litigation);[1] (2) avoiding unnecessary work and delay caused by supplementing briefs and/or reconciling multiple decisions; (3) the judicial economy of fewer dueling documents for review; (4) avoiding a "tail wagging the dog" situation from this individual action's effect on the entire *M.G.* class action; (5) the public's interests in clean and effective resolution of these matters without competing decisions or excessive delay.

Thank you for your consideration of this matter.

Respectfully,

s/Benjamin M. Kopp
Benjamin M. Kopp

---

[1] 20 U.S.C. § 1415(j).

# PLAINTIFFS' EXHIBIT B

*M.G., et al. v. NYC Dep't of Educ.*, 13-cv-4639 (SHS)(RWL)
**City Defendants' Judicial Admissions**

**Definitions**

1. Recommended Special Education Program and Services: The application of 8 NYCRR 200.4(d)(2)(v), as documented on a student's IEP by sections of the same name on the New York State Education Department's mandatory Individualized Education Program (IEP) form. *See* Exhibit A.

2. Special Education Program: The application of 8 NYCRR 200.6, as documented on a student's IEP by the relevant section of the same name on the New York State Education Department's mandatory IEP form. *See* Exhibit A.

3. Related Services:  See 8 NYCRR 200.1(qq).

4. Supplementary Aids and Services/Program Modifications/Accommodations: The application of 8 NYCRR 200.1(bbb) and 8 NYCRR 200.4(d)(3)(vi), as documented on a student's IEP by the relevant section of the same name on the New York State Education Department's mandatory IEP form. *See* Exhibit A.

5. Applied Behavioral Analysis (ABA):  the design, implementation, and evaluation of environmental modifications, using behavioral stimuli and consequences, to produce socially significant improvement in human behavior, including the use of direct observation, measurement, and functional analysis of the relationship between environment and behavior. See [NYS Applied Behavior Analysis: FAQs (nysed.gov)](). N.Y. Educ. Law § 8801.

6. Autism:  See 8 NYCRR 200.1(zz)(1).

7. Individualized Education Program (IEP): See 8 NYCRR 200.1(y).

8. Order: an administrative decision or a state or federal court order issued pursuant to 20 U.S.C. § 1400, et seq.; N.Y. Educ. Law § 4404, et seq.; and their respective implementing regulations.

9. 1:1: a ratio of one student to one teacher.

10. Home/Hospital Instruction: Instruction provided at a student's home, or in a hospital or similar healthcare facility, based on a student's demonstrated medical needs.

11. State Approved NPS: A non-public school that can be recommended as a public school program following New York State approval.

12. Standard School Day: See 8 NYCRR 200.1(q), 200.7(b)(4), and 200.13(b).

13. Residential NPS: a State Approved non-public school where a student resides 24 hours a day.

**Home/Hospital Instruction:**

14. From 2013 to the present, DOE IEP teams have not recommended Home/Hospital instruction on IEPs based exclusively on a student's classification of autism.

**1:1 Instruction**

15. From 2013 until the present, DOE IEP teams have not recommended on IEPs a program where the stated class size cannot exceed one student to one teacher, resulting in 1:1 Instruction.

16. From 2013 until the present, DOE IEP teams have not recommended on IEPs 1:1-Instruction except in cases where a student's IEP provides for the student to receive Home/Hospital instruction.

17. From 2013 until the present, DOE IEPs have not included 1:1 Instruction to a student unless an Order mandates the provision of 1:1 Instruction to a student except in connection with Home/Hospital Instruction.

18. DOE policy does not provide for DOE IEP teams to recommend 1:1 Instruction on IEPs to students except in connection with Home/Hospital Instruction.

**ABA Services**

19. From 2013 until the present, DOE IEP teams have not recommended ABA on IEPs as a recommended Special Education Program, Related Service or Supplementary Aids and Services/Program Modifications/Accommodations.

20. From 2013 until the present, DOE IEPs have not included ABA as a Special Education Program, Related Service, or Supplementary Aids and Services/Program Modifications/Accommodations unless an Order mandates the provision of ABA to a student.

21. DOE policy does not provide for DOE IEP teams to recommend ABA on IEPs.

**After School Services**

22. From 2013 until the present, DOE IEP teams have not recommended on IEPs the provision any Special Education Program, Related Service or Supplementary Aids and Services/Program Modifications/Accommodations to be provided outside the Standard School Day.

23. From 2013 until the present, DOE IEPs have not included any Special Education Program, Related Service or Supplementary Aids and Services/Program Modifications/Accommodations to be provided outside the Standard School Day unless an Order mandates it.