

**ANDREW K. CUDDY**
MANAGING ATTORNEY

**BENJAMIN M. KOPP**
SENIOR ATTORNEY
FEDERAL LITIGATION TEAM LEADER
(NY)
BKOPP@CUDDYLAWFIRM.COM

**PRINCIPAL OFFICE (MAILING ADDRESS)**
5693 SOUTH STREET ROAD
AUBURN, NY 13021
(315) 370-4020

**OFFICES**
VALHALLA, NY | PHILADELPHIA, PA
CLEVELAND, OH | CHARLOTTE, NC

June 11, 2025

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Y.S., et. al., v. N.Y.C. D.O.E., 24-cv-9711(LGS)

Dear Judge Schofield:

Pursuant to this Court's Order at ECF 37, the Plaintiffs respectfully submit this reply to the Defendant's June 9, 2025 response (ECF 35) to the Plaintiffs' June 4, 2025 letter-motion for a stay of this action (ECF 33), pending certain determinations[1] in class action *M.G. v. NYC DOE* (1:13-cv-4639-SHS-RWL) relating to the SRO and DOE's "generalization" argument, and in *A.J.T. v. Osseo Area Schs., ISD No. 279*, S.Ct. Dkt. 24-249 concerning the standard for Section 504 of the Rehabilitation Act.

The Defendant's limitation on this action's remaining issues – its "primar[y]" reason for opposing a stay – is non-responsive to the fact that the same brief (by Defendant) goes on to seek affirmation of the SRO's decision as to "generalization" as the equitable factor against the family. ECF 31 at 18-19 of 21. While the Defendant argues that the Court might not need to reach equity if it makes a negative finding on appropriateness of at-home services, this is non-responsive to the greater likelihood that this Court finds the services appropriate and does reach the equity issue; and even so, the Defendant's brief also argues against at-home ABA on grounds that they "are generalized to daily living skills" (ECF 31 at 15-16 of 21).

The Defendant's secondary reason is incorrectly premised on labeling the at-home half of Y.F.'s program as "additional", where Y.F.'s consistent program for the past several years has

---

[1] The Defendant's characterization of a stay "in light of the pending class action" inaccurately focuses on the entirety of the class action; the stay here would be to wait for certain determinations on a pending motion that does not seek to resolve the entire class action.

been a split school-home collective of MCC with at-home ABA and BCBA (both, Kid Success, Inc.) and bilingual speech-language therapy (L. Bacaliu, subsequently transferred to J. Bonilla), and the consensus of accepted evaluators and educational experts working with Y.F. agreed that she needed to continue this program, which she did without any increase or supplement. ECF 15-7 at PE54, PE63, PE72, PE89, PE93, PE97, PE137, PE143, PE146, PE152, PE168, PE173-188, PE230; ECF 15-9 at IE2. By finding that the Defendant's proposed IEP to change this program was based upon "inappropriate" district evaluations, which the IHO and SRO found to deny Y.F. a FAPE (ECF 15-2 at SD13-15; ECF 15-3 at I7-8), the above-referenced consensus in support of continuing the school-home program constituted the only definition of FAPE for Y.F. in the record.

The Defendant's letter also contends that current receipt of services creates "no plausible basis to request a stay"; however, the Defendant does not contend that the action is mooted based on receipt of services. Rather, both this action and the class action are about what students are entitled to in terms of 1:1 ABA and extended school day (at-home) ABA and speech services, all under the IDEA and as more detailed in the Plaintiff's letter-motion (ECF 33). ECF 15-8 at DE24-32, DE37; ECF 33-1.

As to Section 504, the Defendant's observation and position on current scope of the meal issue is non-responsive to the letter-motion's concern that revelations and forthcoming rulings in *M.G.* are likely to "give rise to a Section 504 claim beyond the one already in this action". ECF 33.

The Defendant has neither disputed nor raised any interests discussed in the letter-motion as to the parties, the Court, persons not parties to the litigation, or the public. *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 2019 U.S. Dist. LEXIS 5416 *11 (S.D.N.Y. 2019).

For the reasons stated in the initial letter-motion and above, the Court should stay this action until the determinations indicated in the letter-motion are made in each *M.G.* and *A.J.T.*

Thank you for your consideration of this matter.

Respectfully,

s/Benjamin M. Kopp
Benjamin M. Kopp

Application **DENIED**.  Given the narrow issues in this case, a stay is not warranted.  Within **two weeks** of (i) the Supreme Court's decision in A.J.T. and (ii) the court's ruling on the pending adverse-inference motion in M.G., Plaintiffs may file supplemental letters, not to exceed two pages, explaining any impact of each decision on the issues remaining in this case.  Defendant may file responses, not to exceed two pages, within one week of Plaintiffs' submissions.  So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 33.

Dated: June 13, 2025
   New York, New York

2

Lorna G. Schofield
UNITED STATES DISTRICT JUDGE