UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                :

Y.S., individually and on behalf of Y.F., a child  :
with a disability,
                                :

                        Plaintiff,  :        24 Civ. 9711 (LGS)

           -against-          :

                                :           **ORDER**

New York City Department of Education,  :

                                :

                    Defendant.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, several documents in this action, including Dkt. Nos. 1, 7, 11, 12, 16, 17, 21, 22 and 32 (collectively, the "Affected Documents"), contain Y.F.'s or Y.S.'s full name or partial name in their filenames. These filenames improperly disclose a minor's identity. *See* Fed. R. Civ. P. 5.2(a)(3).

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).[1] The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

"competing considerations" such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, examples of "higher values" include protecting the attorney-client privilege, *see Lugosch*, 435 F.3d at 125, the privacy of innocent third parties, *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995), and personal privacy, *see Metcalf v. Transperfect Translations Int'l Inc.*, No. 19 Civ. 10104, 2025 WL 1870887, at * 1 (S.D.N.Y. Jul. 7, 2025).

WHEREAS, the Affected Documents are judicial documents to which the presumption of public access applies because they are at least minimally "relevant to the performance of the judicial function and useful in the judicial process." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).  The weight of that presumption is low, however, given "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.*  The low weight of the presumption is confirmed by the fact that the filenames themselves play "no role in the exercise of Article III judicial power." *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 86 (2d Cir. 2023), *cert. denied sub nom. Abelar v. Int'l Bus. Machines Corp.*, 144 S. Ct. 827 (2024).

WHEREAS, Plaintiff has a compelling interest in maintaining the confidentiality of her minor child's name, particularly in this case, where the record discloses Y.F.'s disability.  *Cf. S.W. ex rel. A.W. v. N.Y.C. Dep't of Educ.*, No. 22 Civ. 3592, 2023 WL 5803415, at *10 (S.D.N.Y. Sept. 7, 2023) ("The Record contains identifying information about the minor

student . . . as well as confidential health information and other private details.  Plaintiff has a compelling interest in maintaining the confidentiality of such information about her minor child.").  Further, Federal Rule of Civil Procedure 5.2(a)(3) requires that a filing which includes "the name of an individual known to be a minor" may only include "the minor's initials."

WHEREAS, "since a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials." *Be v. Comcast Corp.*, No. 20 Civ. 8571, 2021 WL 694556, at *2 (S.D.N.Y. Feb. 23, 2021).  Accordingly, Y.S. shall also proceed using initials in this action.

WHEREAS, sealing and refiling the Affected Documents is narrowly tailored to protect the foregoing privacy interests.  The content of the Affected Documents is unaffected by their being refiled stripped of metadata containing the identifying information.

WHEREAS, the Court will refile Dkt. Nos. 12 and 18, removing the metadata that identifies Y.F.'s and Y.S.'s names in the filenames.  It is hereby

**ORDERED** that the following documents are placed under seal: Dkt. Nos. 1, 7, 11, 12, 16, 17, 18, 21, 22 and 32.  It is further

**ORDERED** that by **February 27, 2026**, Plaintiff shall refile the following documents without Y.F.'s full name or partial name in the filename: Dkt. Nos. 1, 7, 11, 16, 17, 21, 22.  It is further

**ORDERED** that by **February 27, 2026**, Defendant shall refile the following document without Y.F.'s full name or partial name in the filename: Dkt. No. 32.  It is further

**ORDERED** that by **March 23, 2026**, the parties shall file a joint letter either (a) confirming that no other mentions of Y.F.'s or Y.S.'s names improperly appear in the record, including in the filenames of any documents in this action or (b) alerting the Court as to which

3

docket entries require sealing and refiling.  For the avoidance of doubt, the parties shall review all documents, not only documents each party filed itself.  If Y.F.'s or Y.S.'s names appear in certain documents in the record, including in any filenames, the relevant party shall move to seal those documents and refile redacted versions thereof by **March 23, 2026**, pursuant to Individual Rule I.D.

The Clerk of Court is respectfully directed to place Dkt. Nos. 1, 7, 11, 12, 16, 17, 18, 21, 22 and 32 under seal.

Dated: February 24, 2026
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4