UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

Y.S., individually and on behalf of Y.F., a child
with a disability,

                                Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                            Defendant.

------------------------------------------------------------- X

24 Civ. 9711 (LGS)

**<u>OPINION & ORDER</u>**

LORNA G. SCHOFIELD, District Judge:

Plaintiff Y.S. ("Plaintiff" or the "Parent"), individually and on behalf of her daughter,

Y.F. (the "Student"), brings this action under the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29

U.S.C. § 794 ("Section 504"), against Defendant New York City Department of Education (the

"DOE").  Plaintiff seeks reversal of portions of a November 21, 2024, decision of State Review

Officer Justyn P. Bates denying funding for certain home-based services and school-time meals.

On the parties' cross-motions for summary judgment, Defendant's motion is granted, and

Plaintiff's motion is granted in part and denied in part.  Plaintiff's motion to strike certain

arguments that Defendant made in a closing brief in an underlying administrative proceeding is

granted.

## I.     STATUTORY FRAMEWORK

The IDEA mandates that states receiving federal special education funding provide

disabled children with a free appropriate public education ("FAPE").  20 U.S.C. § 1412(a)(1)(A);

*L.O. v. N.Y.C. Dep't of Educ.*, 822 F.3d 95, 102 (2d Cir. 2016).  "The IDEA also requires that

school districts create an individualized education program . . . for each qualifying child." *W.A. v. Hendrick Hudson Cent. Sch. Dist.*, 927 F.3d 126, 133 (2d Cir. 2019).[1]  An individualized education program ("IEP") is a "written statement that sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives." *Id.*

If a parent believes that the DOE has failed to provide a FAPE to his or her child, the parent "may enroll the child in a private school at their own financial risk and seek retroactive reimbursement from the school district for the cost of the private school." *Id.*  To seek reimbursement, the parent must file a due process complaint, which triggers administrative proceedings beginning with a hearing before an impartial hearing officer ("IHO"). *M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 135 (2d Cir. 2013).  The IHO hearing is governed by the three-part *Burlington/Carter* test, as construed by New York Education Law § 4404(1)(c): "(1) the DOE must establish that the student's IEP actually provided a FAPE; should the DOE fail to meet that burden, the parents are entitled to reimbursement if (2) they establish that their unilateral placement was appropriate and (3) the equities favor them." *Id.*

An IHO's decision may be appealed to a state review officer ("SRO"). *See* N.Y. Educ. Law § 4404(1)(c); *W.A.*, 927 F.3d at 133.  The SRO "shall review and may modify . . . any determination of the impartial hearing officer." N.Y. Educ. Law § 4404(2).  An SRO's decision is the final administrative decision, but "[t]he IDEA permits a dissatisfied party to challenge an

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

SRO's decision in state or federal court." *Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 164 (2d Cir. 2021).

## II.      BACKGROUND

Familiarity with the administrative record is assumed, and only the facts necessary to resolve the instant motions are summarized.  At issue on this cross-appeal is the appropriateness of Plaintiff's requests for continued funding by the DOE of certain home-based services, including applied behavioral analysis ("ABA") services, board certified behavior analyst ("BCBA") supervision and bilingual speech and language therapy ("SLT").  Plaintiff challenges the denial of home-based services and meal reimbursement and seeks to strike arguments the DOE allegedly raised for the first time in its administrative closing brief.

The Student was diagnosed at a young age with Autism and Attention Deficit Hyperactivity Disorder.  The Student has attended Manhattan Children's Center ("MCC") since July 2021 and at all times relevant to this action.

In March 2023, the DOE conducted a psychoeducational evaluation, social history update, occupational therapy evaluation, physical therapy evaluation and speech-language evaluation of the Student.  The Parent disagreed with the findings of the evaluations and, on April 20, 2023, filed a request for independent educational evaluations.  On May 31, 2023, a Committee on Special Education convened to develop the Student's IEP and recommended twelve-month programming.  The resulting IEP consisted of special class placements, individual counseling, occupational therapy, SLT and other services.

On June 21, 2023, the Parent notified the DOE of her intention to place the Student at MCC for the 2023-24 school year and to seek reimbursement for the cost of tuition at MCC.  The Parent further stated that in addition to attending MCC for 2023-24, the Student would receive

3

home-based services consisting of: (i) seven and one-half hours per week of individual ABA services, (ii) three hours per week of bilingual SLT and (iii) four hours per month of supervision services by a BCBA.

On February 23, 2024, the Parent filed a due process complaint alleging that the DOE failed to offer the Student a FAPE for the 2023-24 school year based on procedural and substantive violations.  The Parent also requested an order directing the DOE to provide the student with pendency services based on a "Stipulation and Order," dated June 24, 2021, in which the DOE "agreed to fund three weekly hours of bilingual speech and language [] therapy, seven-and-[one-]half weekly hours of individual at-home ABA services, and four monthly hours of supervision by a BCBA" (first alteration in original).

On March 27, 2024, the parties participated in a conference before an IHO.  After five days of proceedings, the hearing concluded on June 13, 2024.  The Parent submitted her closing brief on June 28, 2024.  The DOE submitted its closing brief on July 2, 2024, raising arguments that Plaintiff seeks to strike in this action.

On August 16, 2024, the IHO issued her Findings of Fact and Decision ("FOFD").  The FOFD found that the May 31, 2023, IEP did not provide a FAPE.  Accordingly, the FOFD ordered the DOE to fund the Student's tuition at MCC for the twelve-month 2023-24 school year in the amount of $181,280.  The FOFD found that the home-based services the Parent unilaterally obtained were unnecessary and that the DOE was not required to fund them beyond its obligations under pendency.  The FOFD denied the Parent's other claims, including for reimbursement of transportation expenses and meals.

The parties appealed the FOFD.  During the appellate proceeding, the DOE conceded that the Student was entitled to a $250 monthly allowance for meal reimbursement under Section

504, conditioned upon an affidavit of daily attendance.  On November 21, 2024, the SRO issued a decision (the "SRO Decision") affirming that the DOE had denied the Student a FAPE and that the DOE must reimburse the Parent for the Student's tuition at MCC.  The SRO also agreed with the IHO's determination that the DOE was not required to fund the costs of the Student's home-based ABA services, BCBA supervision and bilingual SLT.  The SRO acknowledged that the DOE conceded allowing for a monthly $250 allowance for the Student's meals conditioned on attendance affidavits but declined to disturb the IHO's holding on the issue.  The SRO's rationale was that he lacked jurisdiction to consider a challenge to an IHO's decision regarding meals under Section 504 of the Rehabilitation Act, because an SRO's jurisdiction is limited to matters arising under the IDEA and Article 89 of the New York State Education Law.  Plaintiff appeals the SRO Decision.

## III.    STANDARD

The parties cross-move for summary judgment.  In IDEA cases, cross-motions for summary judgment proceed differently than in most other civil cases.  *See generally* Fed. R. Civ. P. 56(a).  "Though the parties in an IDEA action may call the procedure a motion for summary judgment, the procedure is in substance an appeal from an administrative determination, not a summary judgment."  *Ferreira v. Aviles-Ramos*, 120 F.4th 323, 328 n.2 (2d Cir. 2024).  On questions of law, the standard of review is de novo, as it is for other civil actions.  *C.S.*, 990 F.3d at 165.  A more deferential standard applies to other questions:

> [A district court] engages in an independent review of the administrative record and makes a determination based on a preponderance of the evidence.  In conducting such an independent review, courts must give due weight to the state administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.

*Id.* This deferential standard "requires a more critical appraisal of the agency determination than clear-error review but nevertheless falls well short of complete de novo review." *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014); *accord Tobuck v. Banks*, No. 23 Civ. 1356, 2024 WL 1349693, at *4 (S.D.N.Y. Mar. 29, 2024). "[T]he deference owed depends on both the quality of the opinion and the court's institutional competence." *C.F.*, 746 F.3d at 77; *accord Tobuck*, 2024 WL 1349693, at *4. A district court considers "whether the decision being reviewed is well-reasoned, and whether it was based on substantially greater familiarity with the evidence and the witnesses than the reviewing court." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012); *accord Tobuck*, 2024 WL 1349693, at *4. "Deference is particularly appropriate when the state hearing officers' review has been thorough and careful. The SRO's or IHO's factual findings must be reasoned and supported by the record to warrant deference." *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 241 (2d Cir. 2012).

## IV. DISCUSSION

### A. Home-Based Services

#### 1. Deference to the Administrative Decisions

Summary judgment is granted to Defendant and denied to Plaintiff concerning the Student's entitlement to reimbursement for the home-based services. Both the FOFD and SRO Decision concluded that the home-based ABA, BCBA and bilingual SLT services, which the Parent unilaterally sought for the Student, were unnecessary and therefore not subject to reimbursement.

The SRO Decision is entitled to deference because it is "well-reasoned" and based on "familiarity with the evidence and the witnesses." *R.E.*, 694 F.3d at 189. The SRO Decision is "thorough and careful" and "reasoned and supported by the record," warranting deference.

*M.H.*, 685 F.3d at 241.  It spans thirty single-spaced pages, discussing, among other things, the facts and procedural history of the case, applicable standards and discussion of the student's needs and the MCC program.  "The SRO carefully and thoroughly weighed the evidence, cited relevant case law and legal standards, and provided a detailed, record-based decision." *S.B. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 9139, 2022 WL 3997016, at *6 (S.D.N.Y. Sept. 1, 2022).

In concluding that the home-based services were unnecessary, both the IHO and SRO found that the record presented persuasive evidence that the Student demonstrated progress across domains for the 2023-24 school year, and consequently, MCC was an appropriate unilateral placement.  The SRO and IHO noted that MCC provided the student with a full-time day program of ABA-based instruction that incorporated the Student's ABA, special education, SLT and occupational therapy needs as well as family collaboration to provide an individualized program.  The SRO and IHO agreed that MCC addressed the Student's behavioral, social and communication needs.  The SRO meticulously reviewed the evidence before concluding that the Student made documented progress at MCC, for example, stating:

> Upon review of the evidence in the hearing record, it appears that the home-based ABA and BCBA supervision services targeted areas similar to those addressed at MCC during the school day (<u>compare</u> Parent Ex. AA ¶¶ 22, 24, 27-31, 33, 36-38, <u>with</u> Parent Ex. N at pp. 2-6, <u>and</u> Parent Ex. O at pp. 2-3, <u>and</u> Parent Ex. K, <u>and</u> Parent Ex. L).  Additionally, the evidence in the hearing record establishes that the home-based ABA director reported on targets as mastered or currently addressed through home-based services that were also identified as goals with documented progress and/or mastery at MCC (<u>compare</u> Parent Ex. AA ¶¶ 22, 24, 27-31, 33, 36-38, <u>with</u> Parent Ex. N at pp. 2-6).

Dkt. No. 15-2 at 24.  The SRO Decision considers several of the Parent's exhibits, including testimony by the director of Kid Success, Inc., the ABA service provider that the Parent contracted with for the 2023-24 school year.  The SRO Decision also considers the Parent's testimony at the June 13, 2024, hearing as well as the IHO hearing record.

The IHO conducted a similarly careful analysis.  For example, she considered the testimony of two speech-language pathologists who worked with the Student.  After reviewing that testimony, the IHO concluded that the home-based SLT services were not a necessary part of an appropriate unilateral placement and that the Student was receiving comprehensive and appropriate services at MCC.

### 2.    The Test for Reimbursement

"Courts use a three-part test -- referred to as the *Burlington*/*Carter* test -- when determining whether reimbursement for private-school expenses is appropriate under section 1415(i)(2)(C)(iii)." *Ferreira*, 120 F.4th at 329.  "The court considers (1) whether the school district's proposed plan will provide the child with a FAPE; (2) whether the parents' private placement is appropriate to the child's needs; and (3) whether the equities support reimbursement." *Id.*  "The first two prongs of the *Burlington*/*Carter* test generally constitute a binary inquiry that determines whether or not relief is warranted, while the third enables a court to determine the appropriate amount of reimbursement, if any." *Id.*

Adapting these factors to the issue here of reimbursement for home-based services, the first prong asks in substance whether the Student was otherwise provided with the required educational services for which reimbursement is sought.  Giving due deference to the findings of the SRO and IHO, the Student was provided with adequate services at MCC such that the home-based services were unnecessary.  The SRO found that "the evidence supports a conclusion that the home-based services were either for the purpose of generalization of the student's skills or were otherwise excessive and beyond what the district was required to deliver to enable the student to make progress."  The IHO similarly concluded "that neither the direct home-based

8

ABA services nor the BCBA supervision as delivered from [July 2023 to April 2024] was appropriate."

Addressing the second prong of the *Burlington/Carter* test -- whether the parents' home-based services were appropriate to the child's needs -- the answer is no, for the same reason. The services were beyond what the DOE was required to provide for the Student's needs.

At the third prong, whether and to what extent the equities support reimbursement, the equities support no reimbursement, particularly where the Parent has been awarded reimbursement for tuition, transportation and meals at MCC, the Student has been progressing at school, and the IHO found no basis in the record to conclude that the Student's progress is dependent on her receipt of home-based services.

Plaintiff argues that the equities favor reimbursement of the home-based services because on June 21, 2023, Plaintiff advised Defendant that as of July 10, 2023, the Student would continue receiving at-home ABA services, BCBA supervision and bilingual SLT, and Defendant did not respond. As a result, Plaintiff entered contracts with the at-home providers, obligating her to fund the services. This argument is unconvincing because it is well settled that parents who unilaterally pay for private services during pendency review proceedings do so "at their own financial risk." *Ventura de Paulino v. N.Y.C Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020).

Accordingly, Defendant is not required to fund the costs of the Student's home-based ABA services, BCBA supervision and bilingual SLT for the 2023-24 school year.

### B.    Meal Reimbursement

As a threshold matter, the Court has jurisdiction to consider the issue of meal reimbursement in this case. As noted above, the SRO correctly concluded that he did not have jurisdiction over this issue because it arises under Section 504 of the Rehabilitation Act of 1973,

and New York law limits SROs' jurisdiction to matters arising under the IDEA and its state counterpart. *See F.C. v. N.Y.C. Dep't of Educ.*, No. 15 Civ. 6045, 2016 WL 8716232, at *11 (S.D.N.Y. Aug. 5, 2016) (collecting cases) ("[A]lthough [plaintiff's] appeal to the SRO did not invoke the § 504 claims, doing so would have been futile because state law does not give the SRO jurisdiction over § 504 claims."); *A.M. ex rel. J.M. v. N.Y.C. Dep't of Educ.*, 840 F. Supp. 2d 660, 672 n.17 (E.D.N.Y. 2012) (citing N.Y. Educ. Law § 4404(2)) ("Under New York State education law, the SRO's jurisdiction is limited to matters arising under the IDEA or its state counterpart."), *aff'd sub nom.*, *Moody ex rel. J.M. v. N.Y.C. Dep't of Educ.*, 513 F. App'x 95 (2d Cir. 2013). However, the relevant New York law affects the jurisdiction of only SROs, not that of district courts. *See* N.Y. Educ. Law § 4404(2). Because meal reimbursements arise under federal law, they are within the Court's subject matter jurisdiction. *Cf. F.C.*, 2016 WL 8716232, at *12 ("[T]he Court . . . has jurisdiction over plaintiff's § 504 claims for the 2011-2012 and 2012-2013 [school years].").

Plaintiff seeks reimbursement of $250 per month for school-time meals pursuant to Section 504. Defendant does not dispute that Plaintiff is entitled to that allowance. Reimbursement is granted, subject to Plaintiff's substantiating the amount with an affidavit or other proof of the Student's daily attendance at school.

### C.    Motion to Strike

Plaintiff moves to strike portions of the DOE's July 2, 2024, closing brief from the IHO proceeding. The motion is granted as Defendant did not oppose the motion. In any event, the challenged portions were not considered in making the determinations above.

**V.    CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**. Plaintiff's motion for summary judgment is **GRANTED in part** and **DENIED in part**.  Plaintiff is not entitled to home-based ABA, BCBA or bilingual SLT services.  Plaintiff is granted reimbursement of up to $250 per month for school-time meals subject to substantiation as set forth above.  Plaintiff's motion to strike portions of the DOE's July 2, 2024, closing brief from the IHO proceeding is **GRANTED**.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 20 and 30 and to close the case.

Dated: March 23, 2026
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

11